# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# EASTERN DIVISION

NO. 4:06-CR-00068-FL-1
NO. 4:11-CV-00083-FL

| | | |
|---|---|---|
| ISMALIUS JARON WHITE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This cause comes before the Court upon Respondent Government's motion to dismiss [DE-189] Petitioner Ismalius White's motions under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("motions to vacate") [DE-181, 185]. White has filed a response [DE-192], and Respondent's motion to dismiss is therefore ripe for adjudication. Pursuant to 28 U.S.C. 636(b)(1), this matter is before the undersigned for the entry of a memorandum and recommendation. For the following reasons, it is hereby RECOMMENDED that Respondent's motion to dismiss [DE-189] be GRANTED and that White's motions to vacate [DE-181, 185] be DENIED.

## I. Background

On January 8, 2008, White entered into a plea agreement in which he agreed to plead guilty to Count One of a six-count superseding indictment. [DE-106]. Count One of the superseding indictment alleged White conspired with others to distribute and to possess with intent to distribute

1

fifty grams or more of cocaine base (crack) in violation of 21 U.S.C. § 846. [DE-84]. For its part, the Government agreed to, *inter alia*, dismiss the five other counts contained in the superseding indictment. [DE-106]. In the plea agreement, White waived his right to appeal and to collaterally attack his sentence. This Court approved the plea agreement on February 4, 2008, following a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure. [DE-104, DE-106, DE-150].

At the plea hearing, the attorney for the Government indicated that if the case went to trial, the evidence would tend to show that individuals acting under the direction of the Beaufort County Sheriff's Department, the Dare County Sheriff's Department, and the Washington Police Department made multiple controlled purchases of crack cocaine from White. [DE-150, pp.19-20]. Specifically, White sold 60 grams of crack cocaine on February 10, 2006; 43.5 grams of crack cocaine on April 4, 2006; 53.6 grams of crack cocaine on April 11, 2006; and 6 grams of crack cocaine on May 25, 2006. [DE-150, pp.19-20]. These controlled purchases were recorded on video and audiotape. The Government also intended to present evidence obtained during the execution of a search warrant on a hotel room where White sold crack cocaine with a co-conspirator, as well as testimony regarding the conspiracy to sell crack cocaine by a cooperating defendant. Additional testimony was also anticipated by law enforcement officers from the Beaufort County Sheriff's Department, the Dare County Sheriff's Department, the Washington Police Department, the North Carolina State Bureau of Investigation, and the Greensboro Police Department. [DE-150, p.20].

The Court held a sentencing hearing for White on March 2, 2009. [DE-166]. In accordance with the plea agreement, the Court dismissed Counts Two through Six of the indictment. Finding that White's advisory guideline range was 360 months to life imprisonment

based on his criminal history of VI and an offense level of 38, the Court sentenced him to a 420-month term of imprisonment. [DE-157, DE-166, pp.50-51].

White filed a notice of appeal with the United States Court of Appeals for the Fourth Circuit on March 4, 2009. [DE-152]. On February 26, 2010, the Fourth Circuit issued an unpublished per curiam opinion dismissing the appeal in part and otherwise affirming the judgment of the district court. [DE-178, 179]. In its decision, the Fourth Circuit concluded that White had waived his right to appeal his sentence and accordingly dismissed that portion of his appeal. The Fourth Circuit further concluded that White knowingly and voluntarily pled guilty. [DE-178, p.4]. "Indeed," the Fourth Circuit noted, "in light of White's extensive criminal history and his active involvement in the case below, he would be hard pressed to show that he misunderstood the nature and consequences of his guilty plea." [*Id.*]. The United States Supreme Court subsequently denied White's petition for writ of certiorari. *See* White v. United States, 131 S. Ct. 1515, 179 L. Ed. 2d 337 (2011).

White filed a pro se motion to vacate his sentence on May 19, 2011. [DE-181]. However, the Court found that his motion did not substantially follow the form appended to the rules governing § 2255 proceedings and directed White to file an appropriate form. [DE-183]. White submitted a second motion to vacate utilizing the correct form. [DE-185]. As grounds for his motions to vacate, White contends he received ineffective assistance of counsel and that he is entitled to a reduced sentence due to recent change in the sentencing guidelines. White further argues that certain increases to his base level offense for purposes of sentencing were unconstitutional. Respondent asserts these issues are without merit and asks the Court to dismiss White's motions to vacate.

## II. **Legal Standards**

3

### A. Motion to Dismiss

Respondent has filed its motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, a plaintiff must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The facts alleged must "raise a right to relief above the speculative level," *id.* at 555, and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Id.* at 1950. Without such "heft," claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with" a defendant's liability, Twombly, 550 U.S. at 557, fail to nudge claims "across the line from conceivable to plausible." *Id.* at 570.

### B. 28 U.S.C. § 2255

Under section 2255, Title 28 of the United States Code, a petitioner may obtain relief from his sentence if he can show that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the

4

sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). The burden is on the petitioner to establish his claim to relief by a preponderance of the evidence. *See, e.g.*, Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam) ("Because the proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence . . . ."); Toribio-Ascencio v. United States, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 U.S. Dist. LEXIS 113549 at *5 (E.D.N.C. Oct. 25, 2010) ("In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence.").

**C.     Effect of Petitioner's Guilty Plea**

A valid guilty plea constitutes admission of the material elements of the crime. McCarthy v. United States, 394 U.S. 459, 466 (1969). The sworn representations made by a criminal defendant at plea proceedings "carry a strong presumption of verity" and "constitute a formidable barrier against any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Furthermore, a guilty plea normally waives any claim based on non-jurisdictional errors occurring prior to the plea. Tollett v. Henderson, 411 U.S. 258, 267 (1973). In *Tollett*, the Supreme Court concluded that an intelligent and voluntary plea of guilty generally bars habeas review of claims relating to the deprivation of constitutional rights that occurred before the defendant pleaded guilty. The Supreme Court observed that "[t]he focus of federal habeas inquiry is the nature of [defense counsel's] advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Id.* at 266-67. Thus, in a collateral attack, a petitioner may only challenge the voluntary and intelligent character of a plea, such as by demonstrating that he received ineffective assistance of counsel. *Id.*

Notably, statements made by a defendant during a hearing to accept a guilty plea are

5

subject to a strong presumption of veracity, and challenges under 28 U.S.C. § 2255 that contradict these statements may generally be dismissed:

> '[A] defendant's solemn declarations in open court . . . "carry a strong presumption of verity'" . . . because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. . . . 'Indeed, because they do carry such a presumption, they present "a formidable barrier in any subsequent collateral proceedings.'" Thus, in the absence of extraordinary circumstances . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false." Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated–"permitting quick disposition of baseless collateral attacks."

United States v. Lemaster, 403 F.3d 216, 221-222 (4th Cir. 2005) (internal citations and quotations omitted).

### D. Ineffective Assistance of Counsel

White asserts his counsel was constitutionally deficient. To state a claim of ineffective assistance of counsel in the context of a guilty plea, a petitioner must satisfy a two-pronged test. Strickland v. Washington, 466 U.S. 668, 686-87 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. *Id.* at 688. This Court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id.* at 689. Therefore, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* Concerning the second prong, a petitioner must show that he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474

6

U.S. 52, 59 (1985).

## III. Analysis

White asserts six grounds for relief. Four of his six grounds for relief allege errors in sentencing. Specifically, in Grounds Two, Three, Four, and Five, White argues he received improper sentence enhancements and that he is entitled to a reduction in his sentence pursuant to recent changes in the sentencing guidelines. However, White has waived his right to contest his conviction or sentence, including by § 2255 motion, except for an appeal or motion based upon ineffective assistance of counsel or prosecutorial misconduct not known to him at the time he pled guilty. [DE-106]. The Fourth Circuit has held that a defendant can, through a plea agreement, waive his appellate rights, as well as the right to collaterally attack his conviction. *See, e.g.*, United States v. Poindexter, 492 F.3d 263, 267-268 (4th Cir. 2007); Lemaster, 403 F.3d at 220. These waivers are valid and enforceable so long as they are knowing and voluntary. *See* United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005); Lemaster, 403 F.3d at 220. In reviewing White's case on appeal, the Fourth Circuit determined his plea was knowing and voluntary. [DE-178]. The undersigned agrees with Respondent's contention that White's claims of ineffective assistance are "yet another indirect way for him to try to appeal his sentence." [DE-190, p.3]. Thus, much of White's motions to vacate may be dismissed on the basis of the waiver contained in his plea agreement. The undersigned therefore recommends that White's motions to vacate be dismissed on these issues.

**Grounds One and Six: Ineffective Assistance of Counsel**

White asserts his trial counsel was ineffective during plea negotiations by failing to inform him of the possible sentence he might receive if he agreed to plead guilty. According to White, his counsel's failure "to properly advise [him] of the maximum possible sentence fell below the

7

objective standard of reasonableness." [DE-182, p.18]. White complains that the sentence he received was "possibly greater than he could have received had he proceeded to a jury trial." [DE-182, pp.19-20]. "Had counsel . . . given [him] a fair assessment of the time that he faced pursuant to the actual plea agreement" contends White, he "would not have entered into the plea agreement." After careful review, the undersigned finds no merit to this argument.

At the Rule 11 plea hearing, White was represented by Samuel J. Randall, IV, who was the third of five attorneys ultimately appointed to represent White at various stages of his case. The judge presiding over the Rule 11 hearing first advised White of his rights, the six charges against him, and the possible sentence he faced if found guilty. After finding White competent to appear and enter a plea, the judge questioned White at length regarding the plea agreement he signed. The plea agreement informed White that he could receive a minimum term of imprisonment of ten years and a maximum term of imprisonment of life. [DE-106, p.3]. The plea agreement expressly warned White

> [t]hat the Court will take into account, but is not bound by, the applicable United States Sentencing Guidelines, that the sentence has not yet been determined by the Court, that any estimate of the sentence received from any source is not a promise, and that even if a sentence up to the statutory maximum is imposed, the Defendant may not withdraw the plea of guilty.

[DE-106, p.4].

White confirmed that he had read and reviewed the plea agreement in its entirety with his attorney before signing it, that he understood it completely, and that the plea agreement represented his entire agreement with the United States attorney. [DE-150, pp.15-16]. White also engaged in the following colloquy:

> THE COURT: Now, I ask you, Mr. White, have you had time to, and have you, in fact, discussed your case and your plea with your attorney, Mr. Randall?
>
> THE DEFENDANT: Yes.

8

THE COURT: All right. And are you satisfied with Mr. Randall['s] advice and counsel to you?

THE DEFENDANT: Yes.

THE COURT: All right. Are you satisfied with his representation of you in this case?

THE DEFENDANT: Yes.

THE COURT: Has he been a good lawyer for you?

THE DEFENDANT: Yes.

THE COURT: All right. And you're sure about that?

THE DEFENDANT: Yes.

[THE COURT]: All right. Did you hear and understand my explanation of your rights this afternoon, including how you might be sentenced by Chief Judge Flanagan?

THE DEFENDANT: Yes.

. . . .

THE COURT: And did you go over with Mr. Randall the fact that this plea agreement contains an appeal waiver that makes it very difficult for you to appeal whatever sentence is imposed?

THE DEFENDANT: Excuse me?

THE COURT: Did Mr. Randall discuss that this plea agreement contains an appeal waiver?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. And that appeal waiver says that you've agreed to waive knowingly and expressly your right to appeal whatever sentence is imposed on any ground, including an appeal pursuant to 18 U.S.C. 3742, and that you further waive any right to contest the conviction or the sentence in any post-conviction proceeding . . . under 28 U.S.C., Section 2255, except for an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to you at the time of your guilty plea,

9

which would be today.
Do you understand what all that means?

THE DEFENDANT: Yes, I do.

THE COURT: And did you discuss with Mr. Randall that whatever sentencing recommendation is contained in this plea agreement, it is just that, a recommendation, and that Chief Judge Flanagan is free to impose whatever sentence she believes is just and proper?

THE DEFENDANT: Yes, sir.

. . . .

THE COURT: And do you understand, Mr. White, that if you plead guilty this afternoon, that you cannot come back and change your mind and ask for a trial later? Do you understand that?

THE DEFENDANT: Yes, your Honor.

THE COURT: Have you answered all my questions truthfully?

THE DEFENDANT: Yes, your Honor.

THE COURT: Would you like any more time, Mr. White, to think about [your] case or your plea or discuss those with Mr. Randall?

THE DEFENDANT: No, your Honor.

THE COURT: You're sure about that?

THE DEFENDANT: Yes, I'm sure.

[DE-150, pp.12-18]. Defendant then pled guilty.

All evidence to the contrary, White now contends he "didn't understand the plea in its total judicial scope." [DE-182, p.20]. However, the record demonstrates that White was advised both orally and in writing of the possible maximum sentence he faced. At the plea hearing, he repeatedly assured the presiding judge that he had reviewed the plea agreement with his attorney

10

and understood its consequences. When offered additional time to review the case with his attorney, White declined to do so. Other than his unsupported assertions, there is no indication in the record that White's attorney failed to advise him regarding the plea, or that his counsel's performance otherwise fell below an objective standard of reasonableness. And as the Fourth Circuit noted, "in light of White's extensive criminal history and his active involvement in the case below, he would be hard pressed to show that he misunderstood the nature and consequences of his guilty plea." [DE-178, p.4]. Finally, White's assertions with regard to his ineffective assistance of counsel claims directly contradict his sworn statements made during the Rule 11 colloquy. The undersigned therefore deems them "'palpably incredible.'" Lemaster, 403 F.3d at 221 (quoting Crawford v. United States, 519 F.2d 347, 350 (4th Cir. 1975)).

White also asserts his appellate counsel was ineffective but offers no specific grounds for misrepresentation. For example, White complains that "[t]hroughout every phase of this representation, counsel has mis-represented the defendant/petitioner White." [DE-182, p.45]. Such vague accusations do not meet the preponderance of the evidence standard required to vacate a sentence, however. As such, White has utterly failed to carry his burden of proof on this assignment of error. Accordingly, the undersigned recommends that White's motions to vacate be denied as to grounds one and six.

## IV. Conclusion

Because White fails to show that his counsel's performance was objectively unreasonable or demonstrate that prejudice resulted from his counsel's errors, the undersigned finds that White has not sustained his claim of ineffective assistance of counsel. The undersigned further concludes that White has waived his right to challenge his sentence by virtue of his valid guilty plea. Thus, for the foregoing reasons, it is hereby RECOMMENDED that Respondent's motion

to dismiss [DE-189] be GRANTED and that White's motions to vacate [DE-181, 185] be DENIED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Friday, August 26, 2011.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE