## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## EASTERN DIVISION

NO. 4:06-CR-068-FL-1
4:11-CV-083-FL

| | |
|---|---|
| ISMALIUS JARON WHITE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Respondent. | ) |

ORDER

This matter is before the court on the petition to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE # 185) of petitioner Ismalius Jaron White ("petitioner") and the motion to dismiss (DE # 189) filed by respondent, the United States of America. Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge William A. Webb entered a memorandum and recommendation ("M&R") (DE # 193) recommending that respondent's motion to dismiss be granted and that the § 2255 petition be denied. Petitioner timely filed objections (DE # 196) to the M&R. Also before the court are two motions filed by petitioner after he filed his objections, which he styles as a "Motion to View Discovery Pursuant to Rule-16, and Motion to Expand the Record Pursuant to Rule-7, in Supplemental of 'Other' Ineffectiveness Assistance of Counsel Relating to 2255-Proceedings" (DE # 197) and a "Motion to Expand the Record Pursuant to Rule-7, and Pursuant to Rule-8, Evidentiary Hearing" (DE # 198). In this posture, these matters are ripe for ruling. For the reasons that follow, the court rejects petitioner's objections to the M&R and dismisses the § 2255 petition, and denies petitioner's miscellaneous motions.

## STATEMENT OF THE CASE

On February 4, 2008, petitioner entered a plea of guilty, pursuant to a written plea agreement, to count one of a superseding indictment (DE # 84) charging him with conspiracy to distribute and possess with intent to distribute fifty (50) grams or more of cocaine base in violation of 18 U.S.C. §§ 841(a)(1) and 846. On March 2, 2009, the court sentenced petitioner to a four hundred and twenty (420) month term of imprisonment.

Petitioner appealed, raising four issues, including a challenge to his sentence, ineffective assistance of counsel, prosecutorial misconduct, and whether his guilty plea was knowing and voluntary. See United States v. White, 367 F. App'x 486, 487 (4th Cir. 2010). The Fourth Circuit held that petitioner had waived the right to challenge his sentence, that the ineffective assistance claims were not ripe and were not supported by the record, that there was no prosecutorial misconduct apparent on the record, and that petitioner knowingly and voluntarily entered his plea and had failed to show that, but for any errors he asserted, he would not have entered his plea. Id. at 487-88. Thus, the court affirmed the conviction and sentence and dismissed in part those portions of petitioner's appeal subject to his appeal waiver. Id. On May 19, 2011, petitioner filed his petition to vacate his sentence. On May 23, 2011, the court entered an order instructing petitioner to submit his motion on the appropriate form. On June 10, 2011, petitioner filed his motion to vacate on the appropriate form as well as a lengthy supporting memorandum. Petitioner raises the following claims for relief: 1) that he received ineffective assistance of counsel during the plea process; 2) that he is "entitled to a sentencing reduction pursuant to recency in U.S.S.G. 4A1.1(e);" 3) that the "2-level increase for a dangerous weapon in the presentence investigative report is unconstitutional;" 4) that he "was not a leader or organizer so the Multiple level increase was imposed

2

unconstitutionally;" 5) that he "is entitled to a sentencing reduction pursuant to the change in the crack cocaine/powder disparity;" and 6) that he received ineffective assistance in general due to deficient representation in his criminal case. On July 22, 2011, respondent filed its motion to dismiss for failure to state a claim upon which relief can be granted, to which petitioner filed his response on August 15, 2011.

On August 16, 2011, the court referred the matter to Magistrate Judge Webb. On August 26, 2011, the magistrate judge issued his M&R, recommending that the motion to dismiss be granted. On September 16, 2011, petitioner filed his objections to the M&R, in which he objects to the magistrate judge's findings and recommendation respecting petitioner's ineffective assistance claims. Petitioner also presents, for the first time in these proceedings, his argument that he is entitled to relief because of mental incompetence and/or diminished capacity.

## DISCUSSION

A.  Standard of Review

1.  28 U.S.C. § 2255

Petitioner has filed a motion to vacate pursuant to 28 U.S.C. § 2255, which requires a petitioner asserting constitutional error to prove that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). In such a proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

3

2.    Fed. R. Civ. P. 12(b)(6)

Respondent has moved to dismiss the motion to vacate pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. When subjected to a Rule 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is *plausible* on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir.2008) (emphasis in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Supreme Court in Twombly upheld a Rule 12(b)(6) dismissal because the complaint failed to allege facts sufficient to show a claim was plausible rather than merely conceivable. See Monroe v. City of Charlottesville, Va., 579 F.3d 380, 386 (4th Cir.2009), cert. denied, 130 S.Ct. 1740 (2010). Accordingly, a district court considering a motion to dismiss under Rule 12(b)(6) "must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level." Simmons v. United Mortg. and Loan Inv., LLC, 634 F.3d 754, 768 (4th Cir.2011) (internal quotations and citations omitted). "[T]he court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Monroe, 579 F.3d at 385–86 (quotation marks and alteration marks omitted).

3.    Referral to Magistrate Judge

The court may "designate a magistrate judge to submit . . . proposed findings of fact and recommendations for the disposition" of a variety of motions. 28 U.S.C. § 636(b)(1)(B). A party may object to the magistrate judge's proposed findings by filing "written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objection." Local Civil Rule 72.4(b). Generally, "a party . . . waives a right to appellate review of particular issues by failing to file timely objections

4

specifically directed to those issues." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007). Moreover, the court will not review arguments which are tantamount to new claims when they are asserted for the first time in a party's objections to a magistrate judge's recommendation. See Price v. Dixon, 961 F. Supp. 894, 899 (E.D.N.C. 1997). The court shall make a *de novo* determination of those portions of the M&R to which a party has filed objections. 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

B.    Analysis

1.    Petitioner's claim of "[i]neffective assistance of counsel during the plea process."

Petitioner's first claim is that he received ineffective assistance of counsel leading up to his decision to enter a plea of guilty. To succeed on such a claim, he must demonstrate (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687 (1984). The first prong is met only where counsel's performance falls "below an objective standard of reasonableness." Id. at 688. "Review of counsel's performance is 'highly deferential[,]' " and the court operates under the "strong presumption that [counsel's] performance was within the extremely wide range of professionally competent assistance." Baker v. Corcoran, 220 F.3d 276, 293 (4th Cir. 2000) (citation omitted). The second prong of Strickland's ineffective assistance test is met where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. See also United States v. Higgs, 663 F.3d 726, 735 (4th Cir. 2011). In the context of a guilty plea, "counsel's deficient performance is prejudicial only if there is a

5

reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial. This is an objective inquiry, and dependent on the likely outcome of a trial had the defendant not pleaded guilty." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (internal quotations and citations omitted).

The magistrate judge correctly found that petitioner's first claim of ineffective assistance of counsel can be distilled to a generalized complaint that counsel allowed him to enter a plea agreement which he perceives as having afforded him insufficient benefit and that counsel failed to properly advise petitioner about the extent of time for which he could be incarcerated by pleading guilty. M & R 7-8. The magistrate judge found, however, that these claims are contradicted by the transcript of the plea colloquy during which petitioner "confirmed that he had read and reviewed the plea agreement in its entirety with his attorney before signing it, that he understood it completely, and that the plea agreement represented his entire agreement" with the government. Id. at 8. Moreover, petitioner conveyed his belief that his attorney had rendered satisfactory performance in helping him understand the agreement and that he did not need more time to discuss the agreement prior to entering his plea. Id. at 9-10. Further, it is evident that petitioner was advised that he could receive a term of imprisonment from ten years to life, as this was indicated in the plea agreement itself, see Plea Agreement (DE # 106) 3, and referenced by the magistrate judge when petitioner entered his guilty plea. See 2/4/08 Trans. (DE # 150) 13-14.

In response to the magistrate judge's recommendation, petitioner persists in asserting, in direct contrast to his own statements prior to entering his plea, that he did not understand his plea agreement because "he did not have adequate opportunity to review the plea before signing it" and

6

that he was promised several benefits which were not set forth in the plea agreement.[1] Pet'r's Mem. and Object. 3-4. Petitioner also laments the loss of numerous of his rights pursuant to this guilty plea, and asserts that he was "tricked" into foregoing those rights by the use of "fear, scaring him with the 851 'career offender' enhancement." Id. at 4-5.

Absent clear and convincing evidence to the contrary, a defendant is bound by statements he made at a plea hearing, and such representations can present formidable barriers to post-conviction relief. See Little v. Allsbrook, 731 F.2d 238, 239 n.2 (4th Cir. 1984); Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). In the absence of "extraordinary circumstances," a district court should dismiss, without a hearing, "any § 2255 motion that necessarily relies on allegations that contradict the sworn statements" made during a Rule 11 plea colloquy. United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir. 2005). In pertinent part, neither an attorney's inaccurate estimation of a potential sentence nor a petitioner's naked assertion of unfulfilled and unwritten promises from the government are "extraordinary circumstances" warranting § 2255 relief. See United States v. White, 366 F.3d 291, 300 (4th Cir.2004) (noting that the mere allegation, commonly asserted in § 2255 motions, that a petitioner was induced to plead guilty by a promise from the prosecutor not outlined in the plea agreement does not alone constitute an extraordinary circumstance warranting an evidentiary hearing); United States v. Gosain, 991 F.2d 791, 1993 WL 43921, at *1 (4th Cir. Feb. 19, 1993) (unpublished table decision) ("[T]his Court has held that an attorney's bad estimate of the likely sentence does not invalidate a guilty plea when the district court informs the defendant that

---

[1] Specifically, petitioner asserts that he "was promised, by defense attorney Randall and Assistant United States Attorney (AUSA) Bradsher, at least five things during discussions: 1) No enhancements nor 851- enhancement status, 2) no drug amounts would be added to the maximum amount of 150 grams he was being charged with in the indictment, 3) he would receive 5K1.1, 4) he would receive three points for accepting responsibility, 5) a minimum of 10 years to life within the bracket (50 to 150 grams) of cocaine base." Pet'r's Mem. and Objections 3-4.

his sentence cannot be specifically predicted and the defendant acknowledges that he understands that to be the case.").

Pursuant to these standards, a cursory review of the colloquy at petitioner's plea hearing defeats his claims. As found by the magistrate judge, petitioner unequivocally affirmed his understanding of the contents of the plea agreement, his satisfaction with counsel's performance in explaining the plea agreement, the amount of time he had in which to review the plea agreement and confer with his counsel, his understanding that any promises made to induce his plea were contained within the agreement, and that, whatever sentencing recommendation might be in the agreement, "Chief Judge Flanagan is free to impose whatever sentence she believes is just and proper." 2/4/08 Tr. 12, 16. In fact, petitioner expressly declined the court's invitation to take more time "to think about [his] case or [his] plea or discuss those with [counsel]" before entering his plea. Id. at 18. Given petitioner's clear and unequivocal statements during the plea colloquy, his present assertions that he did not understand the plea agreement because he did not have sufficient time to examine it and that he was promised benefits that are not within the agreement are so "palpably incredible" and "patently frivolous or false" as to warrant summary dismissal. Lemaster, 403 F.3d at 221.

Similarly unavailing is petitioner's claim that counsel was ineffective because in hindsight he now perceives the benefit of having pled guilty as too slight. Petitioner in fact received substantial benefit from pleading guilty, including, *inter alia*, the government's dismissal of five serious felony counts in the superseding indictment and its promise "not to seek an enhanced penalty pursuant to 21 U.S.C. Section 851," Plea Agreement 4-5, which, given petitioner's prior felony drug

8

convictions, could have resulted in a sentence of mandatory life imprisonment.[2]  In any event, this claim amounts to nothing more than the sort of simple "buyer's remorse" that ordinarily is insufficient to support even a motion to withdraw a guilty plea before sentencing, see United States v. Thompson-Riviere, 561 F.3d 345, 347-48 (4th Cir. 2009), much less a collateral challenge to his counsel's effectiveness in advising him about the benefits of the plea.

Finally, petitioner's complaint that he was "tricked" into entering his guilty plea by the use of "fear" tactics employed by the government and his attorney appears to represent nothing more than his disaffection for the give-and-take inherent in "'the grim dynamics of plea bargaining[.]'" Id. at 347 (quoting United States v. Torres-Rosario, 447 F.3d 61, 66 (1st Cir. 2006)). That is, petitioner undoubtedly, and reasonably, feared the "851 . . . enhancement" because, as applied to him, it could have resulted in a mandatory life sentence. To be sure, the statutory range of the count to which he did plead guilty included the possibility of a life sentence, but there is an obvious and significant disparity between a conviction carrying a mandatory life sentence and one which allows the court to exercise its discretion and impose a sentence less than life. Indeed, petitioner's bargained-for benefit came to fruition as, although his guidelines sentencing range called for a sentence of up to life in prison, petitioner received a 420 month sentence of imprisonment. Thus, it was no "trick" on the part of the government or petitioner's counsel to induce a guilty plea by offering to forego pursuit of a potentially applicable statutory punishment requiring a mandatory life sentence. The "fear" about which petitioner complains is simply a rudimentary component of plea

---

[2]  See 21 U.S.C. § 841(a)(1)(A) ("If any person commits a violation of this subparagraph . . . after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release . . . .").

9

bargaining. There would be no plea bargaining if a criminal defendant had no "fear" of going to trial and exposing himself to the full range of punishment potentially implicated by his conduct.

For all of the foregoing reasons, petitioner's objections to the magistrate judge's recommendation as to his claim alleging ineffective assistance of counsel during the plea process are without merit and are due to be overruled.

2. Petitioner's claim that he is "entitled to a sentencing reduction pursuant to recency in U.S.S.G. 4A1.1(e).

Petitioner's second claim is that he is entitled to the benefit of a purported "retroactive amendment to the sentencing guidelines" "that effectively eliminates criminal history points based on 'Recency,' that is temporal proximity of the offense of conviction to a prior term of imprisonment." Pet'r's Mem. (DE # 182) 26. He argues that he is entitled to a deduction of the three criminal history points the court imposed based upon U.S.S.G. §§ 4A.1.1(d) and (e). Id. at 28.

The magistrate judge found that this claim is subject to the appeal/collateral attack waiver included in petitioner's plea agreement and therefore recommended that this claim be dismissed. M&R 7. Petitioner did not specifically address this finding in his objections to the magistrate judge's recommendation. Thus, petitioner has waived this claim. Midgette, 478 F.3d at 621. Moreover, even if petitioner had objected, the magistrate judge correctly found that this claim constitutes an impermissible challenge to petitioner's sentence which is barred by the appeal and collateral challenge waiver in the plea agreement. Lemaster, 403 F.3d at 220. Finally, as to the merits of this claim, even with the benefit of the three point deduction to which petitioner claims he is retroactively entitled, petitioner's criminal history score would still firmly place him in the highest criminal history category of VI, resulting in no change to his applicable sentencing guidelines range. See U.S.S.G. Ch. 5 Pt. A. This claim is waived due to petitioner's failure to object, barred by the

10

collateral challenge waiver in the plea agreement, and is devoid of merit. Accordingly, this claim is due to be dismissed.

      3.      Petitioner's claim that the "2-level increase for a dangerous weapon in the presentence investigative report is unconstitutional."

Petitioner's third claim appears to be that application of the two-level increase in his offense level for the specific offense characteristic of his possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1) is "unconstitutional." The exact basis for this purported unconstitutionality is not clearly set out in petitioner's pleadings, however, as petitioner appears to argue that the court did not make any requisite factual findings "other than to accept the findings or [sic] the probation office for the purpose of the presentence investigation report," and that, alternatively, "the fact that a drug offender possesses a firearm does not necessarily give rise to the firearm predicate pursuant to sentencing guidelines 2D1.1(b)(1)." Pet'r's Mem. 30. Petitioner follows up these conclusory arguments with a discussion of caselaw addressing the sufficiency of the evidence required to support a conviction under 18 U.S.C. § 924(c), a separate criminal statute that is irrelevant in this case.

The magistrate judge found that this claim is subject to the appeal waiver included in petitioner's plea agreement and therefore recommended that it be dismissed. M&R 7. Petitioner did not specifically address this finding in his objections to the magistrate judge's recommendation. Thus, petitioner has waived this claim. Midgette, 478 F.3d at 621. Moreover, even if petitioner had objected, the magistrate judge correctly found that this claim constitutes an impermissible challenge to petitioner's sentence which is barred by the appeal and collateral challenge waiver contained in the plea agreement. Lemaster, 403 F.3d at 220. Accordingly, this claim is waived due to petitioner's

11

failure to object to the magistrate judge's recommendation and is further barred by the collateral challenge waiver in petitioner's plea agreement and is therefore due to be dismissed.

4.  Petitioner's claim that he "was not a leader or organizer so the Multiple level increase was imposed unconstitutionally."

Petitioner's fourth claim challenges the court's application of a four-point offense level enhancement for his role as an organizer or leader of criminal activity that involved four or more participants or was otherwise extensive pursuant to U.S.S.G. § 3B1.1(a). Overlooking the record from his sentencing hearing, petitioner contends "the government presented no factual evidence or proof that the defendant . . . ever violated this provision." Pet'r's Mem. 35. He further faults the court for accepting "the recommendation of the federal probation office without first making a determination as to if the defendant actually qualified under the provisions of the statute." Id. at 36. In fact, the court heard considerable argument from the parties on the applicability of this enhancement before determining that the statements of several different sources supported imposition of the four points. 3/2/2009 Tr. 35-45.

In any event, the magistrate judge found that this claim is subject to the appeal waiver included in petitioner's plea agreement and therefore recommended that this claim be dismissed. M&R 7. Petitioner did not specifically address this finding in his objections to the magistrate judge's recommendation. Thus, petitioner has waived this claim. Midgette, 478 F.3d at 621. Moreover, even if petitioner had objected, the magistrate judge correctly found that this claim constitutes an impermissible challenge to petitioner's sentence which is barred by the appeal and collateral challenge waiver contained in the plea agreement. Lemaster, 403 F.3d at 220. Accordingly, this claim is waived due to petitioner's failure to object to the magistrate judge's

12

recommendation and is further barred by the collateral challenge waiver in petitioner's plea agreement and is therefore due to be dismissed.

5.    Petitioner's claim that he "is entitled to a sentencing reduction pursuant to the change in the crack cocaine/powder disparity."

Petitioner in his fifth claim requests "that the court review the issue of sentencing reduction pursuant to the present change in the crack cocaine base/powder cocaine disparity . . . ." Pet'r's Mem. 40. Petitioner appears to argue that the court should adopt a "one-to-one crack to powder ratio" and retroactively apply that ratio in a resentencing of petitioner. Id. at 43. He further asserts that should this court

fail to follow the methodology in sentencing and, instead relying on a discredited crack/powder ratio to determine [petitioner's] sentence, will continue to result in a sentence that creates an unwarranted sentencing disparity between [petitioner], and other defendants who commit similar conduct, but with cocaine powder instead of crack, as well as with other crack defendants who commit similar conduct in districts that now already use the 1 to 1 sentencing ratio.

Id. at 43-44.

The magistrate judge found that this claim is subject to the appeal waiver included in petitioner's plea agreement and therefore recommended that this claim be dismissed. M&R 7. Petitioner did not specifically address this finding in his objections to the magistrate judge's recommendation. Thus, petitioner has waived this claim. Midgette, 478 F.3d at 621. Furthermore, even if petitioner had objected, the magistrate judge correctly found that this claim constitutes an impermissible challenge to petitioner's sentence which is barred by the appeal and collateral challenge waiver contained in the plea agreement. Lemaster, 403 F.3d at 220; see also United States v. Scaife, 406 F. App'x 824, 825 (4th Cir. 2011) (unpublished decision) (finding that defendant's claim on direct appeal for retroactive application of provisions of statutes and sentencing guidelines

resulting from the Fair Sentencing Act of 2010 was waived pursuant to the waiver of appeal and collateral challenge rights in defendant's plea agreement). Finally, as to the merits, the cases and Senate Judicial Committee testimony petitioner cites for the proposition that the court should adopt a one-to-one ratio are not binding on this court, and this court has previously declined to adopt such a ratio. See United States v. Horton, 2011 WL 1930667, *1 (E.D.N.C. May 19, 2011). Moreover, petitioner cites to no authority supporting the proposition that he is entitled to § 2255 relief in the form of resentencing via retroactive application of amendments to relevant sentencing guidelines despite his waiver of the right to collaterally challenge his sentence. Accordingly, for the reasons given above, this claim is waived due to petitioner's failure to object to the magistrate judge's recommendation, is further barred by the collateral challenge waiver in petitioner's plea agreement, and is devoid of merit. Thus, this claim is due to be dismissed.

6.    Petitioner's generalized claim that he received ineffective assistance due to deficient representation in his criminal case.

Petitioner's final claim in his § 2255 motion is that he received "the ineffective representation of plea counsel and counsel on appeal . . . ." Pet'r's Mem. 45. Although he claims that counsel committed "numerous errors that affect the total outcome of the government[']s case against the defendant White" which resulted in his conviction, petitioner fails to allege with any degree of specificity any particular error by his counsel other than to reiterate the sentencing-related arguments he made with respect to claims three, four, and five of his motion to vacate. Pet'r's Mem. 46-47. However, petitioner has failed to demonstrate that any of these sentencing-related claims are themselves meritorious. Thus, he cannot show deficient performance or prejudice flowing from his counsel's performance. Moreover, counsel did challenge petitioner's offense level enhancements for possessing a dangerous weapon and his role in the subject criminal activity in his objections to

14

the presentence investigation report. With respect to the latter issue, counsel devoted considerable effort to impeaching witness statements and arguing against the contention that petitioner was a leader or organizer of the drug distribution scheme for which he was convicted. See 3/2/09 Tr. 35-45. That his argument did not succeed is a function of the evidence then before the court, not some deficient performance by counsel. Moreover, through his vigorous cross-examination and argument at sentencing, petitioner's counsel did succeed in limiting the amount of drugs attributed to petitioner for purposes of applying the sentencing guidelines. See 3/2/09 Tr. 32-33. Thus, considering the totality of the circumstances before the court, as is required by Strickland, the court cannot conclude that petitioner received ineffective assistance of counsel.

7. Petitioner's argument about purported incompetence or diminished capacity.

The majority of petitioner's objections to the magistrate judge's recommendation actually presents his argument that he, "at the time of the crime and during the plea arraignment hearing and still is, either mentally incompetent or has diminished capacity." Pet'r's Mem. and Objections 6. It is unclear whether petitioner intends to argue this point as a means of refuting the magistrate judge's finding that petitioner voluntarily and knowingly entered his plea of guilty or as an independent claim that he is entitled to relief from his conviction. He argues that "the district court was without jurisdiction to try Ismalius Jaron White because he was not competent either to stand trial or to sign a plea agreement and furthermore, the petitioner was not competent at the time of the offense." Id. at 7. Petitioner asserts that the following circumstances establish his purported mental incompetence and/or diminished capacity: that he was "emotionally and physically abused as a child excessively by his father who abused crack cocaine;" that "as a child [he] received a mental health evaluation and were [sic] diagnosed with attention deficit/hyperactivity disorder;" that, in 2004, he

15

[was] diagnosed with schiyophrenia [sic] while in custody of the North Carolina Department of Corrections and that he was treated with phycotropic [sic] medication to control his symptoms;"[3] that he "currently suffers from depression also mental maladies;" and that he has "a excessive drug abuse history." Pet'r's Mem. and Object. 9-10. Petitioner argues that, when he alerted the magistrate judge to his purported diagnosis of schizophrenia, the judge "should not have accepted White's guilty plea but should have stopped the Rule 11 Plea Hearing and ordered a competency evaluation . . . ." Id. at 12. He further claims that this court "should not have sentenced White with such a clear and convincing record evidence of his mental incompetence." Id. at 12-13.

Petitioner's arguments about his purported incompetence are problematic in numerous respects. First, to the extent petitioner intends to present a claim challenging his conviction on the basis of some purported incompetence, he failed to allege such a claim in his § 2255 motion and may not present the claim in the first instance in his objections to the magistrate judge's recommendation as to those claims actually alleged in the motion to vacate.

Second, petitioner's argument is factually unpersuasive as there is scant evidentiary support for petitioner's claim of incompetence. In short, petitioner fails to establish any nexus between the purported childhood physical or emotional abuse he suffered and his present competence. The same can be said for his adolescent diagnosis of attention deficit hyperactivity disorder and his present ailments of depression and other unspecified "mental maladies." The fact that petitioner may have experienced any of these circumstances does not warrant substantial concern about his competence to enter a guilty plea. Petitioner's more compelling assertion of some circumstance affecting his

---

[3] Petitioner's claim that he "was treated with phycotropic [sic] medication to control his symptoms" conflicts with his statement at the plea colloquy that, after his diagnosis, "[t]hey gave me pills, but I didn't take them." 3/4/08 Tr. 10.

16

competence–his purported 2004 diagnosis of schizophrenia–appears to rest on nothing more than his own unsubstantiated assertion of the diagnosis. The diagnosis was not able to be verified or corroborated in preparing the presentence investigation report. Moreover, given the apparent contradiction in petitioner's own statements about whether he actually consumed prescribed medication for schizophrenia, his otherwise unsubstantiated assertion about this diagnosis is dubious at best.

Finally, and as a practical matter, petitioner's claim of mental incompetence is without merit as a matter of law. In general,

> [b]efore a court may accept a guilty plea, it must ensure that the defendant is competent to enter the plea. The standard for competence to plead guilty is the same as that for competence to stand trial: whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding-and whether he has a rational as well as factual understanding of the proceedings against him.
>
> The district court should hold a competency hearing when it has reasonable cause to believe that a defendant may suffer from a mental disease or defect that interferes with his ability to understand the nature and consequences of entering a plea of guilty. To prevail, the defendant must establish that the trial court ignored facts raising a bona fide doubt regarding [his] competency to stand trial. The district court should examine all of the record evidence pertaining to the defendant's competence, including: (1) any history of irrational behavior; (2) the defendant's demeanor at and prior to sentencing; and (3) prior medical opinions on competency. However, there are no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed.

United States v. Moussaoui, 591 F.3d 263, 291 (4th Cir. 2010) (internal quotations and citations omitted).

Applying these principles, it is evident that petitioner's claim of mental incompetence is refuted by the record and his own statements during prior proceedings. During the colloquy at his plea hearing, petitioner responded intelligently and succinctly to all of the magistrate judge's questions in eliciting his background, his awareness of the proceedings, his understanding of the plea

17

agreement, his satisfaction with counsel, and the voluntariness of his plea. 2/4/08 Tr. 9-19. When petitioner specifically raised his purported prior diagnosis of schizophrenia, the magistrate judge carefully examined petitioner to discern the particulars of the condition and whether it affected petitioner's ability to knowingly and intelligently enter a plea. Petitioner indicated that the diagnosis occurred in 2004, that he did not take prescribed medications for the condition at that time, and he denied that the condition or his failure to take medication affected his ability to understand the proceedings. Id. at 10-11. Petitioner's counsel confirmed that petitioner's condition did not affect their communications and that he had no reason to question petitioner's competency. Id. at 11. At petitioner's sentencing hearing, petitioner gave a lengthy and articulate summation of several points ostensibly intended as mitigation of his sentence, and he expressed contrition for his prior drug distribution activities. 3/2/09 Tr. 54-57.[4] Considering the magistrate judge's careful examination of petitioner at the time he entered his plea as well as petitioner's own statements before this court, it is apparent that petitioner understood the proceedings and was fully capable of consulting with his attorney and assisting in his defense. Thus, there was no "reasonable cause to believe that [petitioner] suffer[ed] from a mental disease or defect that interfere[d] with his ability to understand the nature and consequences of entering a plea of guilty." Moussaoui, 591 F.3d at 291. See also

---

[4] Although petitioner now professes to have been "mentally incompetent" at the time of sentencing, his statements to the court suggest otherwise, as they evince a person acknowledging his crimes, proclaiming that he has been transformed, and imploring the court for leniency:

> And prior to this year I was led to astray, but now that I've been in here and I see how serious and severe that these activities are, then there's no way in the world that I would be ever go back out and deal with any type of narcotics or be involved in any violent crimes or drug substances.
>
> And I would like to reconsider that. That's why I did file that motion for 15-year probation. The reason why? Because for a man to say that if he were to violate those circumstances, he would lay the rest of his life down, that should let you know right there that that man did truly attempt to change his life.

3/2/09 Tr. 57.

United States v. Panagopoulos, 457 F. App'x 279, 281 (4th Cir. 2011) (internal quotations and citations omitted) ("The district court closely questioned both Panagopoulos and his counsel as to [his] competence and, after listening to their statements and observing [his] demeanor firsthand, determined [he] had sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding [] and . . . a rational as well as factual understanding of the proceedings against him.").

For all of the foregoing reasons, petitioner's argument that he is entitled to relief from his conviction and sentence due to his purported incompetence is without merit and is due to be dismissed, whether it is construed as a component of his objection to the magistrate judge's recommendation or as a freestanding, and improper and untimely, claim for relief from petitioner's conviction.

    8.    Petitioner's miscellaneous motions.

Finally, the court turns to two miscellaneous motions filed by petitioner after he filed his objections to the magistrate judge's recommendation. Petitioner styled these motions as a "Motion to View Discovery Pursuant to Rule-16, and Motion to Expand the Record Pursuant to Rule-7, in Supplemental of 'Other' Ineffectiveness Assistance of Counsel Relating to 2255-Proceedings" (DE # 197) and a "Motion to Expand the Record Pursuant to Rule-7, and Pursuant to Rule-8, Evidentiary Hearing" (DE # 198). The first of these motions ostensibly seeks to present "supplemental argument" regarding petitioner's claims of ineffective assistance of counsel. In particular, petitioner asserts that two recent Supreme Court cases, Missouri v. Frye, _ U.S. _, 132 S.Ct. 1399 (2012), and Lafler v. Cooper, _ U.S. _, 132 S.Ct. 1376 (2012), have some bearing on his case because they signify a "revolution in the right to effective [assistance] of counsel" in that they "expand the right

19

to the effective assistance of counsel to the stage of plea negotiations." Mot. 3. For the most part, the motion reiterates and supplements petitioner's claim that he received ineffective assistance of counsel when he was advised to plead guilty. He faults counsel for providing an inaccurate estimation of his sentencing guidelines range. Id. at 6-7. He also faults his sentencing counsel for failing to exclude from the court's consideration certain drug amounts attributed to petitioner in the presentence investigation report. Id. at 10-14. In no sense does the motion present a viable request to expand the record pursuant to Rule 7 of the Rules Governing Section 2255 Proceedings or "to view discovery." Thus, the motion is due to be denied on those bases. To the extent petitioner's motion seeks to supplement those claims in his § 2255 motion which this court has found without merit and/or barred from review, petitioner has failed to allege any additional facts or present any argument that would alter the court's analysis of those claims. To the extent petitioner's motion presents entirely new allegations of ineffective assistance of counsel, the motion represents an improper attempt to amend the § 2255 motion. In all respects, therefore, the motion is due to be denied.

Petitioner's second miscellaneous motion is also captioned as a motion to expand the record, as well as a request for an evidentiary hearing. This motion, like the other, has less to do with seeking expansion of the record pursuant to Rule 7 than it does with presenting additional argument in support of prior claims or presenting new claims altogether. In the motion, petitioner appears to assert that his counsel was ineffective for failing to object to the two-level offense characteristic enhancement he received for possession of a firearm. Mot. (DE # 198) 2-6. Petitioner challenges the presentence investigation report's reliance on witness statements in applying the enhancement, arguing that the witnesses "are not reliable evidence because [they] are past state conviction." Id.

20

at 6. Petitioner asserts that the court should be persuaded by the "consistancey [sic] of objections" he made to the enhancement and find that sentencing counsel was ineffective for abandoning his objection at the hearing. Id. at 5. At sentencing, counsel correctly recognized that witness statements supported application of the enhancement. 3/2/09 Tr. 34-35. Apart from petitioner's obvious disagreement withe court's assessment of the credibility of those witnesses, petitioner has presented nothing which undermines application of the enhancement in this case. Thus, the motion is due to be denied.

## C.    Certificate of Appealability

The court now must determine whether petitioner is entitled to a certificate of appealability. Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides in pertinent part that a § 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court likewise is debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).

Petitioner has failed to meet the requirements for a certificate of appealability. The court properly dismissed petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and petitioner failed to make a "substantial showing" of the denial of a constitutional

21

right. Petitioner has not shown that reasonable jurists would find that decision debatable. Therefore, petitioner is not entitled to a certificate of appealability.

## CONCLUSION

For the foregoing reasons, and as supplemented herein, the court ADOPTS as its own the magistrate judge's recommendation (DE # 193) that respondent's motion to dismiss (DE # 189) be GRANTED, and petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE # 185) be DISMISSED. Petitioner's "Motion to View Discovery Pursuant to Rule-16, and Motion to Expand the Record Pursuant to Rule-7, in Supplemental of 'Other' Ineffectiveness Assistance of Counsel Relating to 2255-Proceedings" (DE # 197) and "Motion to Expand the Record Pursuant to Rule-7, and Pursuant to Rule-8, Evidentiary Hearing" (DE # 198) are DENIED. The court also DENIES a certificate of appealability. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the $\overset{\llcorner}{24}$ day of July, 2012.

LOUISE W. FLANAGAN
United States District Judge

22