IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:06-CR-068-FL-1
4:11-CV-083-FL

| | | |
|---|---|---|
| ISMALIUS JARON WHITE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

Before the court is petitioner's motion (DE # 201), pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, to alter or amend this court's judgment granting respondent's motion to dismiss petitioner's 28 U.S.C. § 2255 motion to vacate sentence. Petitioner has also filed a supplement (DE # 202) to the motion. For the reasons that follow, the court denies the motion.

Rule 59(e) "does not provide a standard under which a district court may grant a motion to alter or amend a judgment . . . ." Pacific Ins. Co. v. American Nat Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). However, the Fourth Circuit has recognized three "'grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" Sloas v. CSX Transp. Inc., 616 F.3d 380, 386 (4th Cir. 2010) (quoting Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993)). "Thus, the rule permits a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings. Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that

the party had the ability to address in the first instance. . . . In general reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pacific Ins. Co., 148 F.3d at 403 (internal quotations and citations omitted).

Measured against this framework, petitioner's motion, as supplemented, must be denied. The motion is lengthy, disorganized, and consists primarily of long excerpts from prior orders of the court and the transcripts of petitioner's change-of-plea and sentencing hearings. As best the court can tell, the overriding argument made by petitioner in the motion is that his counsel failed to adequately advise him about the consequences of his guilty plea. However, this is a claim already rejected by the court in adopting the magistrate judge's recommendation that the motion to dismiss be granted. See Order (DE # 199) 6-10. For example, petitioner continues to assert that he was made "off the record" promises about the length of his sentence[1] despite that he unequivocally disavowed the existence of such inducements when he entered his plea. Ultimately, the court has already considered and rejected this and other similar arguments by petitioner about the quality of his counsel's advice and whether he entered a voluntary and intelligent plea. To the extent he once again endeavors to argue that he did not understand the terms of his plea agreement, that he did not appreciate or anticipate the sentence which he could receive, or that his attorney failed to adequately advise him on these matters, the motion only reiterates prior arguments or attempts to restate them in more compelling terms. In either respect, such arguments have been rejected by the court and it is not the province of a Rule 59(e) motion to simply relitigate matters already decided.

---

[1] See Pet'r's Mot. To Alter Amend. 9 ("Yet; off the record petitioner representor [sic] at the time attorney Samuel Randall, IV, told petitioner he was making the best decision because my time will go even lower from the advisory guidelines when the, at the time, talk of the 1:1 Ratio comes into play. [W]ith this rudimentary counseling petitioner allowed all else rights to be waived.").

2

Elsewhere, petitioner's motion and supplement appear to either attempt to raise new claims or argue that intervening case law supports prior claims. For example, petitioner argues that the Supreme Court's decision in Lafler v. Cooper, _ U.S. _, 132 S.Ct. 1376 (2012), has some bearing on his case. See Pet'r's Mot. To Alter Amend 21-24. However, Lafler does not aid petitioner's motion to vacate. Lafler concerned a habeas petitioner's allegation that counsel rendered ineffective assistance in advising him not to accept an offered plea. Lafler, 132 S.Ct. at 1383. It was conceded by all parties that counsel's advice which caused the petitioner to reject the plea "fell below the standard of adequate assistance of counsel . . . ." Id. Thus, the issue before the court was how to assess prejudice "where ineffective assistance results in a rejection of the plea offer and the defendant is convicted at the ensuing trial." Id. at 1384. In this case, petitioner is complaining that his counsel's purportedly deficient advice caused him to accept a plea offer. Lafler makes clear that in such circumstances the test for prejudice articulated in Hill v. Lockhart, 474 U.S. 52 (1985), still controls. See Lafler, 132 S.Ct. at 1385. As the court stated in Lafler, under Hill, "when evaluating the petitioner's claim that ineffective assistance led to the improvident acceptance of a guilty plea, the Court required the petitioner to show 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Id. (quoting Hill, 474 U.S. at 59). This is the precise standard applied by the magistrate judge in his recommendation, see Memo. and Recommend. (DE # 193) 6-7, and by this court in adopting the recommendation. See Order (DE # 199) 5-6. As set out in the court's prior order, petitioner has not shown that there is a reasonable probability he would have insisted on going to trial in this matter, especially where, by virtue of his plea, the government agreed to dismiss several counts in the superseding indictment and forego seeking an enhanced penalty pursuant to 21 U.S.C. § 851. See

3

Case 4:06-cr-00068-FL   Document 206   Filed 01/08/13   Page 3 of 5

id. at 6-10. As the court previously discussed, application of the § 851 enhancement alone could have resulted in a mandatory life sentence. Id. at 9-10.

Petitioner's supplement to his motion to alter or amend appears to present some argument that he is entitled to relief pursuant to the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Petitioner states that he

> never ever exceeded any of his past state convictions more than one year and the enhancements petitioner currently enhanced as part of his instant federal offense ar [sic] not to be used, and the petitioner's criminal history calculation is a plain and clear error due to petitioner's past criminal history scores are NOT qualified as a federal felon says the 4th. circuit department of justice now establish that petitioner's past state convictions turned out not to be a federal crime . . . in order to use a predicate of a Past State Conviction, as an ENHANCEMENT towards the Instant Federal Offense, the past state conviction has to have exceeded over more than 12-months to qualify as a FEDEARL [sic] FELONY.

Pet'r's Supp. (DE # 202) 4-5. Petitioner's reliance on Simmons is unavailing. First, petitioner did not present this argument in his § 2255 motion and may not employ a Rule 59(e) motion to raise it in the first instance. Pacific Ins. Co., 148 F.3d at 403. Second, and more fundamentally, the rule of Simmons has no bearing on petitioner's case. Simmons simply "held that, in deciding whether to enhance federal sentences based on prior North Carolina convictions, [a court looks] not to the maximum sentence that North Carolina courts could have imposed for a *hypothetical* defendant who was guilty of an aggravated offense or had a prior criminal record, but rather to the maximum sentence that could have been imposed on a person with the defendant's *actual* level of aggravation and criminal history." United States v. Powell, 691 F.3d 554, 556 (4th Cir. 2012). Except to the extent his prior offenses affected his criminal history score, an issue which is entirely distinct from

4

the statutory and guidelines "enhancements" potentially implicated by <u>Simmons</u>,[2] petitioner was not sentenced on the basis of any prior predicate state court conviction. Because the rule of <u>Simmons</u> has no bearing upon the calculation of petitioner's criminal history category under the Sentencing Guidelines, it is inapplicable.

Petitioner's motion to alter or amend judgment (DE # 201), as supplemented, attempts either to relitigate claims already rejected, raise new arguments, or otherwise presents mon-meritorious grounds for reconsidering the court's judgment. In all such respects, the motion fails to satisfy the standard for granting relief under Rule 59(e). Accordingly, the motion is DENIED.

SO ORDERED, this the 8th day of January, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[2] The Guidelines' rules for computing an offender's criminal history score already require the court to assess points based upon the sentence the defendant actually received for a prior offense, not the sentence a hypothetical offender might have received, as was the case in <u>Simmons</u>. <u>See</u> U.S.S.G § 4A1.1.